M. AUGENBLICK & BROTHER, INCORPORATED, APPELLEE, v. DANIEL C. WILNER, APPELLANT.

Argued January term, 1928—Decided August 7, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellee, *Stein, McGlynn & Hannoch*.

For the appellant, *Abraham Henig*.

PER CURIAM.

The facts agreed upon are as follows: On June 20th, 1924, plaintiff entered into a lease with one William D. Jacobs, who subsequently became president of the United Furniture Factories, Incorporated, which lease was assigned to the United Furniture Factories, Incorporated, with the consent of the plaintiff. By the terms of the lease the plaintiff rented the building No. 28 Cherry street, Newark, for the term commencing the 1st day of August, 1924, and ending the 31st day of July, 1925, at the yearly rental of $2,700, payable in monthly installments of $225 in advance on the first of each and every month for said term.

On May 14th, 1925, a petition in bankruptcy was filed against the said United Furniture Factories, the tenant, and a receiver was appointed, who subsequently was duly elected trustee of the bankrupt estate.

On June 11th, 1925, the trustee in bankruptcy conducted a sale of all the assets of the bankrupt company, and as part of the assets sold the lease covering the said premises, which was bid in by the defendant, David C. Wilner, for the sum of $50. An order confirming said sale was thereafter duly entered in the proceedings.

The defendant, David C. Wilner, did not pay the said consideration of $50, and did not receive or accept the written assignment of the lease, and the said defendant never entered into possession or occupation of the said premises. A suit to recover the $50 bid on the sale as rent for the premises resulted in a judgment for the plaintiff, from which this appeal was taken.

The question propounded is whether the plaintiff can recover as rent for the premises the amount of defendant's bid for the lease at the sale. Defendant did not pay the $50,

nor did he receive or accept a written assignment of the lease, and neither did he enter upon or occupy the premises. There was therefore in the case neither privity of contract nor privity of estate upon which the legal relation of landlord and tenant can be predicated.

The accepted rule is that the purchaser of a leasehold at a judicial sale is liable to the lessor to the same extent as any other assigns, as soon as he secured the title, whether he takes possession or not. 16 *R. C. L.* 118, and cases cited.

So, in *Catlin* v. *Jackson, 8 Johns. (N. Y.)* 520, it was declared that neither a seizure of lands under a *fi. fa.* nor an auction sale by the sheriff divested the title of the debtor, until a deed was delivered by the sheriff.

In accordance with this rule this court held in *Donovan* v. *Brenning, 79 N. J. L.* 202, that even an action for use and occupation could not be maintained in the absence of proof of the relationship of landlord and tenant. "This inquiry," we there declared, "must be answered in the negative," citing *Brewer* v. *Conover, 18 N. J. L.* 214; *Van Valkenburg* v. *Rahway Bank, 23 Id.* 583; *Freeman* v. *Headley, 33 Id.* 523.

The result is that the judgment will be reversed.